ESPERANZA PRAWL Y LEYVA, Plaintiff and Appellant, *v.* ÁNGEL RAFAEL LAFITA DELFÍN, Defendant and Appellee.

No. R-70-353.     Decided June 7, 1971.

*Domingo R. Emanuelli* for appellant.

MR. JUSTICE RIGAU delivered the opinion of the Court.

We are dealing with an action for divorce on the ground of separation. The woman is the plaintiff. The parties were married in Cuba on October 24, 1959. They separated in March 1967, while they lived in Madrid. After living in the United States, plaintiff came to Puerto Rico in July 1968 and since that time she resides in this country. She sued for divorce in Puerto Rico on September 9, 1970. When the

action was filed, plaintiff had already resided in Puerto Rico for more than one year. As a matter of fact, she had resided here for more than two years. Upon filing the complaint, she had been separated from her husband for three and a half years.

Despite the foregoing, the trial court held that it was not proper to decree the divorce "since none of the parties has resided in Puerto Rico during said term." In saying "said term" the court was referring to the period of three years of separation which the law required then for that ground for divorce.

Plaintiff assigned that the trial court's reasoning was erroneous. The error assigned was committed. Section 97 of the Civil Code, 31 L.P.R.A. § 331, insofar as pertinent, provides as follows:

"No person can secure a divorce under this title who has not resided in the Commonwealth for one full year immediately preceding the action, unless the act or acts on which the suit is based have been committed in Puerto Rico, or while one of the parties to the marriage resided here."

■ From the reading of said provision it can be seen that the same states, in other words, that the general rule is that in order to obtain a divorce in Puerto Rico the person requesting it should have resided here for at least one year. But that provision contains two exceptions to said general rule. One is when the ground for divorce is committed in Puerto Rico. The other is when one of the spouses resides here. In the case at bar, plaintiff did not have to resort to any of those two exceptions because she complied with the general rule: she had resided here for more than a year before filing the complaint.

■ In actions for divorce, if the plaintiff has resided in Puerto Rico for a year or more before filing the complaint (as in the case at bar), the aforementioned § 97 does not present any problem insofar as residence and domicile are con-

cerned. Legally speaking, residence and domicile are not synonyms. *Domicile* is the place where a person usually resides. It is the place of his permanent home. There can only be one domicile. A domicile cannot be lost or changed until another one is acquired. *Residence* is the place where a person dwells or resides temporarily, whether it be as a result of work, studies, or pleasure. A person has one domicile only; but he can have one or more residences. One can be a resident of Puerto Rico without having the intention of remaining here indefinitely. Section 11 of the Political Code; 1 L.P.R.A. § 8; *Martínez* v. *Widow of Martínez*, 88 P.R.R. 429, 435 (1963); *Fiddler* v. *Sec. of the Treasury*, 85 P.R.R. 302, 311 (1962). Both terms—residence and domicile—have been used as equivalent when dealing with the aforementioned § 97 of the Civil Code, *Foss* v. *Ferris*, 63 P.R.R. 547 (1944), but the truth is that the Code requires the one which is easier to comply with, that is, the *residence* in Puerto Rico for at least one year. Of course, one also complies with that requirement of § 97, if one has had his domicile here for that term.

Pursuant to said § 97, if the plaintiff has not resided in this country for at least one full year he cannot file the complaint, but if, despite that fact, the ground on which the suit is based was committed in Puerto Rico or if the other spouse resides here, the problem vanishes and the complaint may be filed.

When dealing with grounds for divorce it is necessary to know or remember that while some may be committed in one act, others require the lapse of certain time or term fixed by law. Even in others—cruel treatment, for example, or grave injuries also—it will depend on the circumstances of each case, if they were committed on one day or in a longer period of time. Thus for example, the grounds of adultery, and the attempt or proposal of the husband to prostitute his daughters or his wife may be committed in one day or at a given moment. On the contrary, the grounds of abandonment and

separation require a period of time expressly fixed by law. Also, by its own terms, the ground of habitual drunkenness or the continued and excessive use of drugs requires the lapse of some time.

■ On account of that different nature of the grounds for divorce—which makes it possible for some to be committed in an act or at a given moment while others require the lapse of a period of time—it would be possible, under § 97 of the Civil Code, for some spouses, both nonresidents and visiting the island for some days, to obtain here a divorce decree if the ground on which the suit is based is committed in Puerto Rico and if it is one of those which may be committed in an act or at a given moment. Thus, in *Mestre* v. *Pabeyón*, 84 P.R.R. 356 (1962), we held that if the act which gives rise to the divorce is committed in Puerto Rico, it is not required that the plaintiff be domiciled here. There both parties were domiciled in New York. They came to Puerto Rico to sojourn here for some time. She filed an action on the ground of cruel treatment committed in Puerto Rico and he filed a counterclaim on the ground of adultery also allegedly committed here. The trial court dismissed the complaint on the ground that it is necessary for at least one of the parties to be domiciled in Puerto Rico and none was domiciled here. We reversed.

In *González* v. *Santiago*, 84 P.R.R. 366 (1962), the trial court also dismissed the complaint because none of the spouses was domiciled here and apparently it understood that at least one of them should have been domiciled here. We reversed and remanded the case for further proceedings. This was a case of abandonment. There at p. 369 we said:

"In cases of desertion the act on which the divorce is grounded is not 'committed' with the initial act of separation. It is not until the period of time fixed by the law has elapsed, as we have set forth, constituting desertion, that the definite cause which gives rise to divorce is perfected."

In the case at bar the situation is favorable to plaintiff for since she and her husband were separated in March 1967 they had already been separated for more than three years when she filed the action on September 9, 1970. And as we saw, plaintiff had also been residing in Puerto Rico for more than one year. In her case the two requirements that her own situation demanded have been complied with: one full year of residence in Puerto Rico and the lapse of the period of three years necessary to perfect or render effective the ground for separation.[1] For that reason it was proper to decree the divorce in her case.

The judgment rendered in this case by the Superior Court, San Juan Part, on November 30, 1970, will be reversed, and another will be rendered sustaining the complaint and declaring the matrimonial bond existing between the parties broken and dissolved.

Mr. Chief Justice Negrón Fernández did not participate herein.

---

[1] Since April 2, 1971, the term required for the separation is of two years. Act No. 11 of April 2, 1971; amending § 96 of the Civil Code, 31 L.P.R.A. § 321, Supplement.